IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                                                                                  Civ. No. 18-82

ASSORTED DRUG PARAPHERNLIA
VALUED AT $78,123.50,

    *Defendants-in-rem.*

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

#### NATURE OF THE ACTION

1. This is a civil action to forfeit to the United States of America items that constitute drug paraphernalia, as that term is defined in 21 U.S.C. § 863(d), that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(10).

#### DEFENDANTS-*IN-REM*

2. Defendants-*in-rem* consist of the following Assorted Drug Paraphernalia valued at approximately $78,123.50:

    a) Approximately 3,121 assorted glass smoking pipes;

    b) Approximately 57 assorted plastic smoking pipes;

    c) Approximately 433 assorted smoking instruments;

    d) Approximately 116 assorted scales;

e) Approximately 228 assorted marijuana grinders; and

f) Approximately 231 assorted concealment containers

(hereinafter referred to as "Defendant Drug Paraphernalia").

3. Defendant Drug Paraphernalia was seized by the United States Drug Enforcement Administration on September 12, 2017 in the District of New Mexico.

4. Defendant Drug Paraphernalia is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a), and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and Defendant Drug Paraphernalia is found in this district.

7. Upon the filing of this complaint, Defendant Drug Paraphernalia will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

8. DCP's Smoke Shop is located at 1025 South Solano Drive, Las Cruces, New Mexico.

9. Ruth Sanchez is the owner and operator of DCP's Smoke Shop.

10. On October 22, 2015, an undercover agent entered DCP's Smoke Shop and purchased two glass pipes.

11. The glass pipes purchased by the undercover agent at DCP's Smoke Shop on October 22, 2015 are designed for and primarily intended for use in smoking marijuana.

12. The glass pipes purchased by the undercover agent at DCP's Smoke Shop on October 22, 2015 are not traditionally used with tobacco products.

13. On October 22, 2015, the undercover agent asked if she could get "potpourri" at DCP's Smoke Shop.

14. An employee at DCP's Smoke Shop sold the undercover agent six plastic bottles labeled "300".

15. Upon information and belief, the six plastic bottles labeled "300" that were purchased by an undercover agent at DCP's Smoke Shop contained a synthetic cannabinoid.

16. On November 18, 2016, undercover agents entered DCP's Smoke Shop and purchased two glass pipes.

17. The glass pipes purchased by the undercover agents at DCP's Smoke Shop on November 18, 2016 are designed for and primarily intended for use in smoking marijuana.

18. The glass pipes purchased by the undercover agents at DCP's Smoke Shop on November 18, 2016 are not traditionally used with tobacco products.

19. On June 23, 2017, an undercover agent entered DCP's Smoke Shop and purchased a glass pipe.

20. The glass pipe purchased by the undercover agent at DCP's Smoke Shop on June 23, 2017 is designed for and primarily intended for use in smoking marijuana.

21. The glass pipe purchased by the undercover agent at DCP's Smoke Shop on June 23, 2017 is not traditionally used with tobacco products.

22. On June 23, 2017, the undercover agent asked an employee at DCP's Smoke Shop for "300". The employee asked if the undercover agent meant "potpourri". When the undercover agent asked what "potpourri" looked like, the employee retrieved a small clear baggy containing

a green leafy substance. The undercover agent asked if he could smoke "potpourri". The employee stated that it was not for human consumption. The undercover agent again asked if the "potpourri" could be smoked. The employee replied: "It probably is, but you're not allowed to use those words or anything like that, however you use it, you use it, but it's not for human consumption or anything like that." A short time later, the undercover agent purchased the "potpourri" at DCP's Smoke Shop.

23. "Potpourri" is a slang term used for synthetic cannabinoids.

24. The green leafy substance purchased by the undercover agent at DCP's Smoke Shop was labeled with an orange sticker with the words "not safe for human consumption" and another sticker with "300" printed on it.

25. Upon information and belief, the green leafy substance purchased by the undercover agent at DCP's Smoke Shop contained a synthetic cannabinoid.

26. On September 8, 2017, United States Magistrate Judge Carmen Garza approved a federal search and seizure warrant authorizing the search of DCP's Smoke Shop and the seizure of controlled substances and drug paraphernalia.

27. On September 12, 2017, federal agents from the United States Drug Enforcement Administration executed the federal search and seizure warrant at DCP's Smoke Shop.

28. On September 12, 2017, Defendant Drug Paraphernalia was seized at DCP's Smoke Shop.

29. Each item that is included in Defendant Drug Paraphernalia is primarily intended for use or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, possession of which is unlawful under Title 21 of the United States Code.

30. Each item that is included in Defendant Drug Paraphernalia is not traditionally intended for use with tobacco products.

31. On September 12, 2017, federal agents took photographs and video recordings of the premises at DCP's Smoke Shop.

32. On September 12, 2017, a red, yellow, and green banner depicting a man smoking a marijuana joint with the words "SMOKE AND FLY" was displayed at DCP's Smoke Shop.

33. On September 12, 2017, a red, yellow, and green banner depicting a man rolling a marijuana joint with the words "DON'T WALK ON THE GRASS SMOKE IT!" was displayed at DCP's Smoke Shop.

34. "Grass" is a slang term for marijuana.

35. On September 12, 2017, a picture of Bob Marley smoking marijuana was displayed at DCP's Smoke Shop.

36. Bob Marley is a cultural icon associated with marijuana.

37. On September 12, 2017, assorted glass smoking pipes were displayed for sale at DCP's Smoke Shop.

38. On September 12, 2017, bongs were displayed for sale at DCP's Smoke Shop.

39. On September 12, 2017, methamphetamine pipes were displayed for sale at DCP's Smoke Shop.

40. On September 12, 2017, smoking masks were displayed for sale at DCP's Smoke Shop.

41. On September 12, 2017, marijuana grinders were displayed for sale at DCP's Smoke Shop.

42.     On September 12, 2017, concealment containers were displayed for sale at DCP's Smoke Shop.

43.     On September 12, 2017, plastic bags containing a green leafy substance were packaged for sale at DCP's Smoke Shop.

44.     Upon information and belief, the green leafy substance in plastic bags found at DCP's Smoke Shop on September 12, 2017 contained a synthetic cannabinoid.

45.     On September 12, 2017, a green leafy substance was being packaged for sale at DCP's Smoke Shop.

46.     On September 12, 2017, a loaded firearm was located on a shelf near the area at DCP's Smoke Shop were a green leafy substance was being packaged for sale.

47.     Upon information and belief, the green leafy substance found near a firearm at DCP's Smoke Shop on September 12, 2017 contained a synthetic cannabinoid.

48.     On September 12, 2017, a bucket containing a green leafy substance was found in the bathroom area at DCP's Smoke Shop.

49.     Upon information and belief, the green leafy substance found in the bathroom area at DCP's Smoke Shop contained a synthetic cannabinoid.

### CLAIM FOR RELIEF

50.     The United States incorporates by reference the allegations in paragraphs 1 through 49 as though fully set forth in this section.

51.     Pursuant to 21 U.S.C. § 881(a)(10), any drug paraphernalia is subject to forfeiture to the United States.

52.     Pursuant to 21 U.S.C. § 881(a)(10), no property right may exist in drug paraphernalia.

53. The term "drug paraphernalia" is defined in 21 U.S.C. § 863(d).

54. The term "drug paraphernalia" means any equipment, product, or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, possession of which is unlawful under this subchapter. It includes items primarily intended or designed for use in ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish, hashish oil, PCP, methamphetamine, or amphetamines into the human body, such as—

(1) metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls;

(2) water pipes;

(3) carburetion tubes and devices;

(4) smoking and carburetion masks;

(5) roach clips: meaning objects used to hold burning material, such as a marihuana cigarette, that has become too small or too short to be held in the hand;

(6) miniature spoons with level capacities of one-tenth cubic centimeter or less;

(7) chamber pipes;

(8) carburetor pipes;

(9) electric pipes;

(10) air-driven pipes;

(11) chillums;

(12) bongs;

(13) ice pipes or chillers;

(14) wired cigarette papers; or

(15) cocaine freebase kits.

55.     Defendant Drug Paraphernalia is drug paraphernalia, as that term is defined in 21 U.S.C. § 863(d), and it is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(10).

WHEREFORE, Plaintiff seeks arrest of Defendant Drug Paraphernalia and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to Defendant Drug Paraphernalia, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

BROCK E. TAYLOR
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration. I have read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached. The statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 1/26/18

Amber N. Westfall, Special Agent
Drug Enforcement Administration

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Assorted Drug Paraphernalia Valued at $78,123.50

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brock E. Taylor
Assistant United States Attorney
200 N. Church Street, Las Cruces, NM 88001

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [x] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
21 USC 881(a)(10)
Brief description of cause:
Civil Forfeiture Action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 01/26/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____